STATE OF NORTH CAROLINA v. JIMMY DOIE SMITH

No. COA99-55

(Filed 19 October 1999)

**Search and Seizure— trafficking in cocaine—motion to suppress—evidence of consent conflicting—need specific finding of voluntary consent**

The trial court's denial of defendant's motion to suppress all evidence that was obtained as a result of the police entering his hotel room in a trafficking in cocaine case must be remanded for further consideration and findings because the evidence as to defendant's consent was conflicting and the trial court did not include a specific finding as to whether defendant voluntarily consented to the search of the hotel room.

Appeal by defendant from judgment entered 8 October 1998 by Judge James R. Vosburgh in Lenoir County Superior Court. Heard in the Court of Appeals 4 October 1999.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Hal F. Askins, for the State.*

*George L. Jenkins, Jr. for defendant-appellant.*

McGEE, Judge.

A Lenoir County grand jury indicted defendant on 3 August 1998 for trafficking in cocaine by possessing in excess of 28 grams but less than 200 grams of cocaine. A jury found defendant guilty of the charge, and the trial court sentenced him to a term of thirty-five to forty-two months' imprisonment. From the trial court's judgment, defendant appeals.

The State introduced evidence at trial tending to show the following: On 12 February 1998, Kinston Police Detectives Robert Harrell and Jacob Rogers stopped a vehicle driven by Wesley Haywood Brown on the basis of information they had received from a confidential and reliable source. After obtaining Brown's consent, the detectives searched the vehicle. They seized a .38 caliber revolver which was in a little pocket on the back of the driver's seat. They placed Brown under arrest for carrying a concealed weapon. The detectives also seized numerous small plastic bags and a key to room 224 of the Kinston Motor Lodge. The detectives went to the Kinston Motor Lodge. When Detective Harrell began to testify about how they gained entry into room 224, defendant objected. After the jury was excused, defendant's attorney moved to suppress any evidence that was obtained as a result of the entry into the room.

During *voir dire*, Detective Harrell stated that as a result of his conversation with Brown, both he and Detective Rogers knocked on the room door two or three times. Defendant, who appeared to have just awakened, answered the door dressed in his underwear. Detective Harrell explained to defendant the information they had received and told him of Brown's arrest. He asked if defendant had any contraband in the room and if the detectives could search his room. Defendant stated he did not mind if they searched the room, and he did not subsequently revoke his consent.

During the room search, the detectives found a bag containing 1.1 grams of crack cocaine in a leather jacket. A canine officer located approximately 31 grams of crack cocaine in a jean coat which was in a clothing bag. Detective Rogers found a set of scales on a table and $280.00 above the bathroom's ceiling tile. An additional $155.00 was also recovered elsewhere in the room. After defendant was placed under arrest and taken to the police station, Detective Harrell spoke with him there. He informed defendant of his Miranda rights, and defendant signed a waiver of rights form. In a signed statement,

defendant stated that he had purchased the crack cocaine from some young boys in Kinston.

Defendant testified during *voir dire* that the detectives had come into the room, awakened him, and told him to get out of bed. He stated that the detectives did not request his permission to search the room, nor did he give them permission to search. Defendant denied giving a statement to police. He asserted that an officer had drawn a line on a blank piece of paper and told him to sign it and that he saw the written statement for the first time when his attorney presented it to him. While defendant admitted using heroin during the morning of 12 February 1998, he denied using cocaine. When asked if he had resisted or objected to the detectives' search, defendant said he was just waking up, the police were already in his room, and he did not know what was going on. The manager of the Kinston Motor Lodge testified that defendant had rented the room on a day-to-day basis from 9 February to 13 February 1998.

In denying defendant's motion to suppress, the trial court found that "Officer Harrell testified that he informed the defendant as to the reason for the presence of the officers, asked for permission to search the room, and testified that the defendant gave permission to search." While the trial court stated it had "some serious questions with the truthfulness" of both Detective Harrell and defendant, the trial court found there was sufficient evidence to deny defendant's motion to suppress.

Defendant contends the trial court erred by denying his motion to suppress and by admitting the evidence seized as a result of the detectives' search of the room. He argues the warrantless search was unreasonable and unconstitutional.

While a warrantless search and seizure inside a dwelling is presumptively unreasonable, such "a search is not unreasonable within the meaning of the Fourth Amendment when lawful consent to the search is given." *State v. Smith*, 346 N.C. 794, 798, 488 S.E.2d 210, 213 (1997) (citations omitted); *see also* N.C. Gen. Stat. § 15A-221(a) (1997) (officer may conduct warrantless search and seizure if consent is given). "Consent to search, freely and intelligently given, renders competent the evidence thus obtained." *State v. Frank*, 284 N.C. 137, 143, 200 S.E.2d 169, 174 (1973) (citations omitted). " 'Knock and talk' is a procedure utilized by law enforcement officers to obtain a consent to search when they lack the probable cause necessary to obtain a search warrant." *Smith*, 346 N.C. at 800, 488 S.E.2d at 214.

STATE v. SMITH

[135 N.C. App. 377 (1999)]

After conducting a hearing on a motion to suppress, a trial court "should make findings of fact that will support its conclusions as to whether the evidence is admissible. If there is no conflict in the evidence on a fact, failure to find that fact is not error. Its finding is implied from the ruling of the court." *State v. Munsey*, 342 N.C. 882, 885, 467 S.E.2d 425, 427 (1996) (citation omitted). The State's evidence in the form of both detectives' testimony was that defendant consented to the search of the room, while defendant's evidence was that the detectives neither requested nor received his permission to search the room. No evidence was presented to suggest coercion or intimidation by the detectives in obtaining defendant's consent to search.

The trial court's findings did not include a specific finding as to whether defendant voluntarily consented to the search of room 224 of the Kinston Motor Lodge. The State argues that even if the trial court failed to make a formal ruling, such failure does not by itself constitute reversible error. A finding may be implied by the trial court's denial of defendant's motion to suppress where the evidence is uncontradicted. *State v. Cobb*, 295 N.C. 1, 18-19, 243 S.E.2d 759, 769 (1978). However, in the case before us, as in *Smith*, the evidence as to defendant's consent to the search is conflicting. For this reason, we cannot determine as a matter of law whether or not the evidence seized violated defendant's Fourth Amendment rights. Accordingly, we remand to the trial court for reconsideration of, and further findings on, defendant's motion to suppress in accordance with this opinion.

Reversed and remanded.

Judges HORTON and SMITH concur.